UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

THOMAS GESUALDI, LOUIS BISIGNANO, MICHAEL O'TOOLE, MICHAEL C. BOURGAL, DARIN JEFFERS, JOSEPH A. FERRARA, SR., FRANK H. FINKEL, MARC HERBST, DENISE RICHARDSON, and THOMAS F. CORBETT, as Trustees and Fiduciaries of the Local 282 Pension Trust Fund,

                              Plaintiffs,

            - against -

TOWN HOLDING CORP. and JOHN DOE COMPANIES 1-99,

                              Defendants.

Civil Action No.:

-------------------------------------------------------------------- X

## COMPLAINT

Plaintiffs Thomas Gesualdi, Louis Bisignano, Michael O'Toole, Michael C. Bourgal, Darin Jeffers, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, and Thomas F. Corbett, as Trustees and fiduciaries of the Local 282 Pension Trust Fund (the "Fund"), for their complaint allege as follows:

## INTRODUCTION

This is an action brought to collect $223,754 in withdrawal liability principal, as well as statutory interest, liquidated damages, and attorney's fees and costs, from (a) Town Holding Corp. ("THC") and (b) John Doe Companies 1-99.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to Sections 502(e)(1), 502(f), and 4301(c) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(e)(1), 1132(f), and 1451(c), and 28 U.S.C. § 1331.

2. Venue lies in this district under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the Fund is administered in this district.

## THE PARTIES

3. Plaintiffs are the Trustees and fiduciaries of the Fund as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) (the "Trustees").

4. The Fund is a multiemployer pension plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and an "employee pension benefit plan" within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A), that is subject to the withdrawal liability provisions of ERISA. The Fund's principal place of business is at 2500 Marcus Avenue, Lake Success, New York 11042. The Fund is jointly administered by a Board of Trustees, comprised of an equal number of labor and management representatives in accordance with Section 302(c)(5) of the Labor Management Relations Act of 1947 (the "LMRA"), 29 U.S.C. § 186(c)(5). The Fund is governed by a Restated Agreement and Declaration of Trust (the "Trust Agreement").

5. The Trust Agreement sets forth "terms of the plan," establishing that the Trustees are fiduciaries responsible for administering the Fund and that the Fund is the beneficiary of the Trust Agreement terms. Accordingly, the Trustees have legal right to bring suit on behalf of the Fund and its participants and beneficiaries under Sections 502, 515, and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1145, and 1451(a)(1).

6. Upon information and belief, THC is, and at all times relevant to this action has been, a New York corporation, which maintains its principal place of business at 711 South Columbus Avenue, Mount Vernon, New York 10550.

7. THC is, and at times relevant to this action has been, an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5).

8. THC is, and at times relevant to this, action, been engaged in real estate ownership and/or management.

## FACTUAL BASIS FOR CLAIM

The Controlled Group

9. Section 4001(b)(1) of ERISA provides in relevant part that "all employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer." 29 U.S.C. § 1301(b)(1).

10. In determining whether entities are considered to be under "common control," ERISA and the regulations promulgated thereunder use the definition of "trades or businesses under common control" found in the Internal Revenue Code. 29 U.S.C. § 1301(b)(1); 29 C.F.R. § 4001.3(a)(1).

11. Under regulations issued under the Internal Revenue Code, a "brother-sister group of trades or businesses under common control" is one of the types of "trades or businesses under common control". 26 C.F.R. 1.414(c)-(2)(a). Two or more organizations constitute a "brother-sister group of trades or businesses under common control" if (i) the same five or fewer individuals own a controlling interest in each organization, and (ii) taking into account the ownership of each such person only to the extent such ownership is identical with respect to each such organization, such persons are in effective control of each organization. 26 C.F.R. 1.414(c)-(2)(c).

12. A "controlling interest" in an organization includes, in the case of a sole proprietorship, ownership of such sole proprietorship, and in the case of a corporation or partnership, ownership of at least 80 percent of the total value of shares of all classes of stock of

the corporation or at least 80 percent of the profits interests or capital interests of the partnership. 26 C.F.R. 1.414(c)-2(b)(2)(i).

13. "Effective control" of an organization includes, in the case of a sole proprietorship, ownership of the sole proprietorship by one person, and in the case of a corporation or partnership, ownership of at least 50 percent of the total value of shares of all classes of stock of the corporation or at least 50 percent of the profits interests or capital interests of the partnership.  26 C.F.R. 1.414(c)-(2)(c)(2)(i).

14. New Town Corp. ("New Town") was a party to a series of collective bargaining agreements with Building Material Teamsters Local 282, pursuant to which New Town was required to make contributions to the Fund.

15. New Town is, and at all times relevant to this action has been, an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and the Trust Agreement.

16. New Town presently is the debtor in a Chapter 7 bankruptcy proceeding before the United States Bankruptcy Court for the Southern District of York, Case No. 7:2012-bk-22305.

17. At all times relevant to this action, New Town was jointly owned by Mark LaSala and Kenneth LaSala, Jr.

18. At all times relevant to this action, Mark LaSala and Kenneth LaSala, Jr. jointly held 100% of the stock ownership shares of New Town.

19. At all times relevant to this action, Mark LaSala and Kenneth LaSala, Jr. jointly held 100% of the voting shares of New Town.

20. At times relevant to this action, THC owned the property out of which New Town operated.

21. At times relevant to this action, New Town and THC operated out of the same location, which was owned by THC.

22. Upon information and belief, at times relevant to this complaint, New Town paid rent or should have paid rent to THC for its use of the property out of which New Town operated.

23. Town Masonry Corp. ("Town Masonry") was a party to a series of collective bargaining agreements with Building Material Teamsters Local 282, pursuant to which Town Masonry was required to make contributions to the Fund.

24. Town Masonry is, and at all times relevant to this action has been, an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and the Trust Agreement.

25. Town Masonry presently is the debtor in a Chapter 7 bankruptcy proceeding before the United States Bankruptcy Court for the Southern District of York, Case No. 7:2012-bk-22304.

26. At all times relevant to this action, Town Masonry was jointly owned by Mark LaSala and Kenneth LaSala, Jr.

27. At all times relevant to this action, Mark LaSala and Kenneth LaSala, Jr. jointly held 100% of the stock ownership shares of Town Masonry.

28. At all times relevant to this action, Mark LaSala and Kenneth LaSala, Jr. jointly held 100% of the voting shares of Town Masonry.

29. At times relevant to this action, THC owned the property out of which Town Masonry.

30. At times relevant to this action, Town Masonry and THC operated out of the same location, which was owned by THC.

31. Upon information and belief, at times relevant to this complaint, Town Masonry paid rent or should have paid rent to THC for its use of the property out of which Town Masonry operated.

32. At all times relevant to this action, THC was jointly owned by Mark LaSala and Kenneth LaSala, Jr.

33. At all times relevant to this action, Mark LaSala and Kenneth LaSala, Jr. jointly held 100% of the stock ownership shares of THC.

34. At all times relevant to this action, Mark LaSala and Kenneth LaSala, Jr. jointly held 100% of the voting shares of THC.

35. THC is within New Town and Town Masonry's controlled group, as that term is defined by the above-referenced statutes and regulations.

36. Upon information and belief, Mark LaSala and/or Kenneth LaSala, Jr. own and/or control shares of stock in various other companies, including, but not limited to: Town Masonry Corp., LaSala Management, Inc., The Townhouse, LTD, American Hotel Contractors, LLC, Palmer Executive Limousine Co., Inc., Mack Masonry Corp., Mercury Masonry Corp., and LaSala Construction Management Corp.

37. At this time, it is unclear whether any and/or all of these companies or any other companies, fall within New Town and Town Masonry's controlled group.

38. Accordingly, defendant John Doe Companies 1-99 are fictitious defendants representing any other trade or business under common control with parties relevant to this action, including but not limited to, New Town Corp., Town Masonry Corp., and/or Town Holding Corp.

The Withdrawal

39. In or around May 31, 2011, New Town and Town Masonry permanently ceased all operations for which contributions were owed to the Fund and/or permanently ceased to have an obligation to contribute to the Fund, thereby withdrawing from the Fund within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

40. As a result of New Town and Town Masonry's withdrawal from the Fund, and because it is a member of their controlled group, THC became liable to the Fund for withdrawal liability principal in the amount of $223,754, pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381.

41. After determining the amount of withdrawal liability incurred, the Fund sent Mark LaSala and Kenneth LaSala, Jr. a letter dated June 9, 2016 (the "Notice and Demand"). In the Notice and Demand, the Fund (a) informed the LaSalas of the amount of withdrawal liability principal and of the schedule for withdrawal liability payments; (b) demanded payment in accordance with the schedule as required by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1); and (c) stated:

> Pursuant to Section 4219(a) of ERISA, please advise the undersigned, within 30 days, whether [New Town] is or has been since December 31, 1974 a member of a group of trades or businesses under common control ("controlled group") within the meaning of ERISA Section 4001(b)(1) and Sections 414 and 1563 of the Internal Revenue Code. If [New Town] is or was a member of a controlled group, please provide the individual or business names and addresses of each entity within the controlled group. The Fund specifically requests information regarding whether

        Town Masonry Corp., Town Holding Corp., LaSala Management, Inc., The Townhouse, LTD, American Hotel Contractors, LLC, Palmer Executive Limousine Co., Inc., Mack Masonry Corp., Mercury Masonry Corp., and LaSala Construction Management Corp., are members of the controlled group.

  42. Pursuant to Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), and as provided in the Notice and Demand, THC, as a member of New Town and Town Masonry's controlled group, was required to remit 67 monthly payments of $3,934.63, plus a final monthly payment of $784.83. In accordance with ERISA Section 4219, the first payment was due on or before July 3, 2017.

  43. Neither New Town, Town Masonry, the LaSalas, nor THC responded to the Notice and Demand.

  44. By letter dated October 5, 2017 (the "Notice of Default"), pursuant to the requirements of 29 CFR § 4207.3(b), the Fund notified THC that it had failed to make the first withdrawal liability payment when due and that as a result: "[a]cting pursuant to Article XI, Section 5(d)(4) of the Trust Agreement (and as permitted by ERISA), the Fund has accelerated the entire amount of withdrawal liability owed to the Fund immediately, due upon this notice of default."

  45. Despite receipt of the Notice of Default, THC has failed to make any withdrawal liability payments, request review of the withdrawal liability assessment, or initiate arbitration of the withdrawal liability assessment.

## CAUSE OF ACTION

46. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs as if fully set forth herein.

47. Because they were trades or businesses under common control with New Town and Town Masonry on the Date of Withdrawal, THC and John Doe Companies 1-99 are jointly and severally liable with New Town and Town Masonry for the amounts due hereunder.

48. By reason of their failure to make withdrawal liability payments, THC and John Doe Companies 1-99 are jointly and severally in default within the meaning of ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), and the Fund is entitled to immediate payment of the total amount of the withdrawal liability principal in the amount of $223,754, plus accrued interest at the rate of eighteen percent (18%) per annum from the due date of the first payment until payment is made, liquidated damages, and attorney's fees and costs pursuant to ERISA Sections 502(g)(2)(A), 502(g)(2)(B), 502(g)(2)(C), 502(g)(2)(D), and 4301(b), 29 U.S.C. §§ 1132(g)(2)(A), 1132(g)(2)(B), 1132(g)(2)(C), 1132(g)(2)(D), and 1451(b), and the Trust Agreement.

49. As is evident, the Fund is aware that New Town and Town Masonry have filed bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York. The Fund has filed proofs of claim in those proceedings, and nothing in this complaint should be read as a request for New Town and Town Masonry to pay withdrawal liability that would violate the automatic stay of those proceedings.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court enter judgment against the Defendants, jointly and severally, as follows:

1. Declaring that THC and John Doe Companies 1-99 were trades or businesses under common control with New Town and Town Masonry on the Date of Withdrawal;

2. Ordering the Defendants to identify all trades or businesses under common control with New Town and Town Masonry;

3. Ordering the Defendants to pay the Fund the sum of $223,754 for withdrawal liability principal pursuant to ERISA Sections 502(g)(2)(A), and 4301(b), 29 U.S.C. §§ 1132(g)(2)(A), and 1451(b);

4. Ordering the Defendants to pay the Fund interest on the withdrawal liability at the rate of eighteen percent per annum pursuant to ERISA Sections 502(g)(2)(B), and 4301(b), 29 U.S.C. §§ 1132(g)(2)(B), and 1451(b), and the Trust Agreement;

5. Ordering the Defendants to pay the Fund liquidated damages in an amount equal to the greater of (a) interest at the rate of eighteen percent (18%) per year on the withdrawal liability, or (b) an amount not to exceed twenty percent (20%) of the withdrawal liability pursuant to ERISA Sections 502(g)(2)(C) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(C), and 1451(b), and the Trust Agreement;

6. Ordering the Defendants to pay the Fund reasonable attorney's fees and costs of this action pursuant to ERISA Sections 502(g)(2)(D) and 4301(b), 29 U.S.C. §§1132(g)(2)(D) and 1451(b), and the Trust Agreement; and

7.     Granting such other and further relief as the Court deems appropriate.

Dated: New York, New York
        October 15, 2018

*/s/ Joseph J. Vitale*

Joseph J. Vitale
Michael S. Adler
COHEN, WEISS AND SIMON LLP
900 Third Avenue, 21st Floor
New York, NY 10022-4869
212-563-4100
jvitale@cwsny.com
madler@cwsny.com

Attorneys for Plaintiffs